IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

CHARLOTTE HOLMES                                                                                    PLAINTIFF

VS.                                                                    CIVIL ACTION NO. 3:18-CV-9-NBB-RP

KELLY SERVICES, INC.                                                                            DEFENDANT

ANSWER TO AMENDED COMPLAINT,
DEMAND FOR JURY TRIAL AND AFFIRMATIVE DEFENSES

NOW COMES Defendant, KELLY SERVICES, INC., by and through its attorneys, WILKINS PATTERSON, P.A., and for its Answer to Amended Complaint, Demand for Jury Trial and Affirmative Defense, hereby states as follows:

**I.     PARTIES**

In answer to I, Plaintiff's address is neither admitted nor denied for lack of sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same. Further, Defendant admits that its address is properly listed.

**II.    CAUSE OF ACTION**

In answer to II, Defendant lacks sufficient information or knowledge upon which to admit that Plaintiff's Complaint is based upon Title VII nor the Americans with Disabilities Act and therefore denies same.

**III.   STATEMENT OF CLAIM**

In answer to III, Defendant denies that it failed to hire Plaintiff because she was "brown" or that Defendant failed to hire Plaintiff because she has a learning disability and speech impediment. Defendant denies that it discriminated against Plaintiff for any reason.

1

**IV.     ADMINISTRATIVE PROCEDURES**

In answer to IV, upon information and belief, it is admitted that Plaintiff filed a charge of discrimination with the EEOC. In further answer, Defendant admits upon information and belief that Plaintiff received a right to sue letter.

**V.     RELIEF**

In answer to V, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Complaint and award Defendant costs, interest and attorneys' fees so wrongfully incurred.

## DEMAND FOR JURY TRIAL

NOW COMES Defendant, KELLY SERVICES, INC., by and through its attorneys, WILKINS PATTERSON, P.A., and hereby demands a trial by jury in the above-entitled cause.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, KELLY SERVICES, INC., by and through its attorneys, WILKINS PATTERSON, P.A., and hereby submits the following as its affirmative defenses:

1. Any and all allegations in the Complaint that were not specifically admitted are hereby denied.

2. That Plaintiff's Complaint is barred because of release, prior judgment, statute of limitations, statute of frauds, and/or assignment or other disposition of the claim before the commencement of the action.

3. That Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

4. Without admitting Plaintiff suffered any damages, Plaintiff has failed to mitigate her damages.

5. Plaintiff's claims are barred in whole or in part by waiver, estoppel, modification and/or unclean hands.

6. Plaintiff's claims are barred in whole or in part due to her failure to exhaust administrative remedies.

7. Defendant's decisions regarding Plaintiff were at all times motivated by legitimate, non-discriminatory reasons and non-retaliatory reasons which were not a pretext for discrimination or retaliation.

8. Plaintiff cannot demonstrate that she was treated differently than similarly situated individuals on the basis of disability and race or any other unlawful reason.

9. Plaintiff is not a qualified individual with a disability because she could not perform the essential functions of her job with or without an accommodation.

10. Plaintiff was reasonably accommodated.

11. Plaintiff was not substantially limited in any major life activity.

12. Defendant did not have a duty to accommodate Plaintiff.

13. No accommodation could have been provided for Plaintiff to work inasmuch as the accommodation would have imposed an undue hardship upon Defendant.

14. Defendant has a well-disseminated and consistently enforced policy against discrimination and harassment as well as a reasonable and available procedure for receiving and investigating alleged complaints of discrimination and harassment. To the extent that Plaintiff unreasonably failed to use or otherwise avail herself of these policies and procedures, her claims are barred.

15. To the extent that Plaintiff recovers any damages, Kelly Services, Inc. is entitled to a set-off from back pay award for all amounts earned by Plaintiff subsequent to her

employment with Kelly Services, Inc.

16. The Complaint is barred, in whole or in part, by the doctrine of after-acquired evidence.

17. Kelly Services, Inc. promptly investigated all complaints asserted by Plaintiff and exercised reasonable care to prevent and correct unlawful harassment or retaliation.

18. Kelly Services, Inc. took prompt appropriate action in response to Plaintiff's complaints.

19. Plaintiff failed to provide timely notice to Defendant regarding the alleged behavior.

20. Defendant did not take adverse action against Plaintiff.

21. All of Kelly Services, Inc.'s actions and communications were made in good faith and without malice or reckless indifference or a desire to harm Plaintiff.

22. All actions regarding Plaintiff's employment were unrelated to Plaintiff's alleged protected activity and were not taken in retaliation for any asserted protected activity.

23. Kelly Services, Inc. acted, at all relevant times, without an intent to discriminate or retaliate and without an intent to engage in any unlawful employment practices. Kelly Services, Inc. at all times made a good faith attempt to comply with Federal laws.

24. Plaintiff is not entitled to punitive damages because Defendant did not act with malice or reckless indifference to Plaintiff's federally protected rights, and did not authorize, ratify, or have any knowledge of the unfitness, if any, of the employee who allegedly committed such acts.

25. If Plaintiff suffered any damages, which Kelly Services, Inc. disputes, such damages were proximately and legally caused by the misconduct and fault of Plaintiff or parties

other than Kelly Services, Inc.

26. Plaintiff has executed an arbitration agreement waiving the jurisdiction of this court.

27. Defendant reserves the right to amend these affirmative defenses in accordance with federal procedural law.

**RESPECTFULLY SUBMITTED**,

By: */s/Amy C. Felder*
AMY C. FELDER (MSB No. 10667)

OF COUNSEL:

Amy C. Felder, MSB No. 10667
Wilkins Patterson, P.A.
4735 Old Canton Road (39211)
Post Office Box 13429
Jackson, MS 39236-3429
(601) 366-4343 Telephone
(601) 981-7608 Facsimile
afelder@wilkinspatterson.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I, AMY C. FELDER, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all participating attorneys, and furnished a copy to **Charlotte Holmes, 2880 Heber Avenue, Memphis, TN 38114**, by first class mail through the U.S. Postal Service, correct postage attached thereto.

THIS the 24th day of May, 2018.

*/s/Amy C. Felder*
AMY C. FELDER

5